1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11 | CURTIS EDWARD BYRD,                    Case No.: 3:16-cv-02228-GPC-DHB
   | CDCR #T-44601,
12 |                                        **ORDER:**
   |                         Plaintiff,
13 |                                        **1)  GRANTING MOTION TO**
   |           vs.                          **PROCEED IN FORMA PAUPERIS;**
14 |
15 |
   |                                        **2)  DENYING MOTION FOR**
16 | WARDEN J. ORTEGA; W.L.                  **TEMPORARY RESTRAINING**
   | MONTGOMERY; A. GONZALEZ; C.            **ORDER;**
17 | ESPITIA; FELIX VASQUEZ; G.
   | CHAVARRIA; G. GASCA,                   **AND**
18 |
   |                        Defendants.
19 |                                        **3)  DISMISSING CIVIL ACTION**
20 |                                        **FOR FAILING TO STATE A CLAIM**
   |                                        **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
21 |                                        **AND § 1915A(b)**
22

23        Curtis Edward Boyd ("Plaintiff"), a prisoner incarcerated in Calipatria State Prison

24 ("CAL") located in Calipatria, California, and proceeding pro se, has filed a civil rights

25 complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.)  Plaintiff alleges

26 that prison officials at CAL have violated his right to be free from cruel and unusual

27 punishment in violation of his Eighth Amendment rights.  (*Id.* at 3-5.)  He seeks

28 injunctive relief, as well as compensatory and punitive damages.  (*Id.* at 9.)

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 12), along with a "Motion for a Restraining Order Preventing Retaliation and Harassment" (ECF No. 9).

## I.   Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted certified copies of his prison trust account statements at CAL pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an available balance of zero in his inmate trust account at the time of filing. Therefore, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because it appears Plaintiff is unable to pay any initial fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 12), declines to "exact" any initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II.     Motion for Restraining Order

Here, while Plaintiff's Motion seeks a restraining order, his pleading fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear

and plain case,'" especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).

Plaintiff's Motion contains broad requests seeking a restraining order against "all correctional staff within Calipatria State Institution from harassing and systematically engaging in unlawful actions." (Pl.'s Mot. at 1.) However, a plaintiff seeking injunctive relief must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Plaintiff's motion fails to meet any of these requirements. For the reasons set forth below, the Court finds that dismissal of the entire action is appropriate because Plaintiff has failed to state a claim against any of the named Defendants and thus, at this stage of the proceedings Plaintiff cannot show a likelihood of success on the merits. Moreover, the Court has no jurisdiction over the entire correctional staff of Calipatria State Prison because they are not all part of this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983). Therefore, for all the above stated reasons, Plaintiff's Motion must be denied.

## III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.    Plaintiff's factual allegations

Plaintiff alleges that on June 20, 2016, Defendant Ortega "deliberately endangered my life and jeopardized my safety by stating out loud that is why you need to be on D

1  yard." (Compl. at 4.)  Plaintiff alleges the reference to "D-yard" implies that Plaintiff is

2  an "informant or child molester" which places Plaintiff "in physical harms way."  (*Id.*)

3  Plaintiff claims Defendant Gonzales, as the supervisor of Ortega, agreed with Ortega's

4  statements.  (*Id.*)  Plaintiff also seeks to hold Defendant Espitia liable for the manner in

5  which he processed Plaintiff's administrative grievances.  (*Id.* at 6.)  Finally, Plaintiff

6  claims that it is the obligation of Defendant Montgomery, Warden, Defendant Vasquez,

7  Associate Warden and Defendant Chavarria, Facility C Captain, to make sure all

8  prisoners are "treated fair" by all correctional staff, keep prisoners safe and that no

9  correctional staff "jeopardize a prisoner's life and safety."  (*Id.* at 7.)

10          C.    Eighth Amendment failure to protect claims

11         Plaintiff alleges that Defendant Ortega, a correctional officer, insinuated that he

12  was either an informant or a child molester.  (*See* Compl. at 4.)  It is not clear whether

13  this insinuation was heard by any individual other than Plaintiff and Ortega.  The Eighth

14  Amendment requires that prison officials take reasonable measures to guarantee the

15  safety and well-being of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994);

16  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  To state an Eighth Amendment

17  failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show

18  that (1) he faced conditions posing a "substantial risk of serious harm" to his health or

19  safety, and (2) the individual prison officials he seeks to hold liable were "deliberately

20  indifferent" to those risks.  *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144,

21  1150 (9th Cir. 2010).  To demonstrate deliberate indifference, Plaintiff must show that

22  the defendant both knew of and disregarded a substantial risk of serious harm to his

23  health and safety.  *Farmer,* 511 U.S. at 837.  Thus, Plaintiff must allege "the official

24  [was] both be aware of facts from which the inference could be drawn that a substantial

25  risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference."  *Id.*

26         There are no facts from which the Court could conclude that Defendant Ortega

27  acted with "deliberate indifference" to a serious risk of harm to Plaintiff.  Plaintiff's

28  allegations are too broad and vague and fail to identify how any other inmate even was

1  aware of the comments allegedly made by Defendant Ortega.

2       Here, the Court finds that Plaintiff fails to allege that any Defendant was aware of

3  any facts demonstrating an "obvious" risk and failed to take any action. *Farmer*, 511

4  U.S. 842; *see also Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much

5  like recklessness in criminal law, deliberate indifference . . . may be shown by

6  circumstantial evidence when the facts are sufficient to demonstrate that a defendant

7  actually knew of a risk of harm."). Plaintiff's Complaint contains very little specific

8  factual allegations and if he chooses to amend, he must be clear in describing the

9  circumstances that give rise to his claims.

10      For these reasons, the Court finds Plaintiff's failure to protect claims must be

11 dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and

12 § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

13      D.    Fourteenth Amendment Due Process Claim

14      Plaintiff also seeks to bring a due process claim based on the manner in which

15 Defendant Espitia responded to his administrative grievances. The Ninth Circuit has held

16 that inmates have no protected property interest in an inmate grievance procedure arising

17 directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th

18 Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison

19 grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding

20 that the due process clause of the Fourteenth Amendment creates "no legitimate claim of

21 entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure

22 of prison officials to properly implement, an administrative appeals process within the

23 prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640.

24      Moreover, Plaintiff pleads no facts to suggest how Defendants' allegedly

25 inadequate review or failure to consider inmate grievances restrained his freedom in any

26 way, or subjected him to any "atypical" and "significant hardship." *Sandin v. Conner*,

27 515 U.S. 472, 484 (1995). Therefore, Plaintiff's due process allegations arising from the

28 filing of his administrative grievances are dismissed for failing to state a claim.

### E.    Supervisory Liability

Finally, it appears Plaintiff seeks to hold the Warden, Associate Warden, Captain and other supervisory personnel liable for constitutional violations based solely on their supervisory duties.  But his Complaint contains no further "factual content" describing either Defendants' direct involvement in any constitutional injury actually suffered by Plaintiff sufficient to "allow[] the court to draw the reasonable inference that the [Wardens] [are] liable" for any constitutional violation.  *Iqbal*, 556 U.S. at 678.  "All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).  To state a claim, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his constitutional rights.  *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014).  Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 672-73.  "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).  This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

Plaintiff's conclusory accusations fail to plausibly suggest that any supervisory Defendant personally participated in, or directed their subordinates to do anything which

caused an actual violation of Plaintiff's constitutional rights. *Jones*, 297 F.3d at 934; *Starr*, 625 F.3d at 1205-06; *Redman v. City of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (finding supervisory personnel liable only when an adequate causal connection is alleged between the Defendant's breach of duty and the plaintiff's constitutional injury).

"Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, as currently pleaded, the Court finds Plaintiff's Complaint amounts to no more than "an unadorned, the defendant[s]-unlawfully-harmed-me-accusation," that "stops short of the line between possibility and plausibility" that he is entitled to relief. *Id.* at 678. Therefore, it "fails to state a claim to relief that is plausible on its face," *Id.*; *Taylor*, 880 F.2d at 1045, and his claims against Defendants Montgomery, Gonzalez, Vasquez and Chavarria must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

**IV.    Conclusion and Order**

Good cause appearing, the Court:

1)    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (**ECF Doc. No. 12**).

2)    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4)    **DENIES** Plaintiff's Motion for Restraining Order (ECF No. 9) without prejudice;

5)    **DISMISSES** this civil action for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order.  If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to his original pleading.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

7)    The Clerk of Court is directed to mail Plaintiff a copy of a court approved civil rights complaint form.

          **IT IS SO ORDERED**.

Dated:  October 31, 2016

Hon. Gonzalo P. Curiel
United States District Judge